**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

YELENA GALPER, on behalf of herself and all others similarly situated,

                Plaintiffs,

-against-

POM RECOVERIES, INC.

                Defendant.

**CIVIL ACTION**

**CLASS ACTION COMPLAINT**
**AND**
**DEMAND FOR JURY TRIAL**

Plaintiff YELENA GALPER (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Joseph H. Mizrahi Law, P.C., against Defendant POM RECOVERIES, INC. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

1

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**7.** Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Upon information and belief, Defendant's principal place of business is in Lindenhurst, New York.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New York consumers who received a collection letter from the Defendant attempting to collect an obligation owed to or allegedly owed to New York Methodist Hospital ("Methodist"), that contain the alleged violation arising from Defendant's violation of 15 U.S.C. §§1692g and 1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether Defendant violated various provisions of the FDCPA;

    b.   Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in

3

          d.    determining such damages and restitution; and

          d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT PARTICULAR TO YELENA GALPER

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect an unpaid balance allegedly owed to Methodist.

17. On or around December 17, 2016, Defendant sent Plaintiff a collection letter. *See* **Exhibit A.**

18. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20. Said letter states in pertinent part:

    Unless you dispute the validity of this debt, or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid. If you notify us in writing of your dispute within this thirty-day period, we will obtain verification of the debt, or of a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

21. Congress adopted the debt validation provisions of section 1692g to guarantee that consumers would receive adequate notice of their rights under the FDCPA. Wilson, 225 F.3d at 354, citing *Miller v. Payco–General Am. Credits, Inc*., 943 F.2d 482, 484 (4th Cir.1991).

22. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA.

23. Defendant failed to adequately provide Plaintiff with his validation rights as required by Section 1692g.

24. Defendant's violations of the FDCPA created the risk of real harm that Plaintiff would make payment only to be contacted again later due to other charges that may have accrued between the date of the letter and the date payment was made.

25. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

26. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

27. On information and belief, Defendants sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

## First Count
## Violation of 15 U.S.C. § 1692e, *et seq*
## Failure to Communicate Validation Rights

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. Section 1692g(a) of the FDCPA requires a debt collector to provide a consumer with a Validation Rights Notice ("Notice").

30. Said Notice provides information about the alleged debt and a consumer's rights as more specifically set forth in subsections (a)(1)-(5) as follows:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the

6

> consumer has paid the debt, send the consumer a written notice containing:
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, **or any portion thereof, is disputed**, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

31. This Notice is an important statutory right which must be effectively and clearly conveyed to the consumer.

32. The Notice must be sufficiently prominent to be readily noticed. It cannot be overshadowed by its placement or by other language or notices in the letter.

33. An initial demand letter absent a proper validation notice is a violation of 15 U.S.C. §1692g.

34. Defendant's initial demand letter states in pertinent part, "Please be advised that the above amount has been placed in our office for collection. Please send your check or money order for the balance in full to the address below."

35. Further the closer to the bottom of the front of the letter states:

    "Please see reverse side for important notices and account details."

36. The Reverse Side of the initial demand letter states in pertinent part:

    Unless you dispute the validity of this debt, or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid. If you notify us in writing of your dispute within this thirty-day period, we will obtain verification of the debt, or of a copy of a judgment against you, and a copy of such verification or judgment will be mailed

      to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

37. Defendant failed to send the Plaintiff a written notice containing a statement that if Plaintiff notifies Defendant in writing within the thirty-day period **that the debt, or any portion thereof**, is disputed, Defendant would obtain verification of the debt and that a copy of the verification would be mailed to Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

38. Said letter failed to clearly differentiate between disputing a debt, or any portion thereof, and merely obtaining verification of that debt.

39. An unsophisticated consumer could be led to believe that his notification to the debt collector is merely to obtain verification of the debt, but not to dispute the debt.

40. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff into pay the alleged debt.[1]

41. Defendant's letter violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4), for false and deceptive representations and for failing to comply with the validation notice requirements, in particular, for misrepresenting Plaintiff's right to dispute the debt and misrepresenting Plaintiff's right to obtain verification of the debt.

42. Defendant violated 15 U.S.C. § 1692g by failing to provide a proper validation notice on the initial demand letter received by Plaintiff on December 17, 2016.

---

[1] *Foresberg v. Fidelity Nat'l Credit Servs., Ltd*., 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004) (The collector's omission from the validation notice of the consumer's right to dispute any portion of the debt violated the Act.); *Bailey v. TRW Receivables Mgmt. Servs., Inc*., 1990 U.S. Dist. LEXIS 19638 (D. Haw. Aug. 16, 1990) (The § 1692g notice did not notify the consumer that any portion of the debt could be disputed and verified. The failure to notify the consumer that any portion of the debt could be disputed and verified violated 1692g.); *McCabe v. Crawford & Co*., 210 F.R.D. 631 (N.D. Ill. 2002). (A claim was stated where the collector's letter failed to inform the consumer that he may dispute ''any portion'' of the debt.); *Beasley v. Sessoms & Rogers, P.A*., 2010 WL 1980083 (E.D.N.C. Mar. 1, 2010) (The court found that the validation notice violated § 1692g(a)(4) by omitting the ''in writing'' requirement that she could dispute any portion of the debt.)

43. Defendants' letter contradicts the validation notice in that it demands payment of the debt without adequately communicating to Plaintiff his right to dispute.

44. The Validation Rights Notice on said letter is not prominent and is overshadowed by other language in the letter, and is in violation of 15 U.S.C. § 1692g of the FDCPA.

45. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure conformance to the law.

46. Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## Second Count
## Violation of 15 U.S.C. § 1692g
## Name of the Creditor to Whom the Debt is Owed

47. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

49. One such request is that the debt collector provide "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

50. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

51. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

9

52. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

53. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

54. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

55. Defendant's letter fails to explicitly identify the name of the creditor to whom the debt is owed.

56. Defendant's November 13, 2015 letter to Plaintiff fails to identify any creditor to whom the debt is owed.

57. Indeed, Defendant's letter fails to identify any entity or individual as a "creditor."

58. Defendant's letter merely states, "CLAIM OF: NEW YORK METHODIST HOSPITAL"

59. The letter fails to indicate whether the "CLAIM OF:" refers to Plaintiff's creditor.

60. The letter fails to indicate whether the "CLAIM OF:" refers to the creditor to whom the debt is owed.

61. The letter fails to indicate whether the "CLAIM OF:" refers to the original creditor or the current creditor to whom the debt is owed.

62. Defendant's letter states, "The above referenced account has been referred to our offices for collection."

63. The letter fails to indicate who referred the account to Defendant.

64. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

65. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

66. The least sophisticated consumer would likely be confused as to the creditor to whom the debt is owed.

67. Defendant has violated § 1692g as it failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

68. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

### Third Count
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations

69. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "68" herein with the same force and effect as if the same were set forth at length herein.

70. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

71. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

72. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

73. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

74. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

75. Because the collection letter in the instant case is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of 15 U.S.C. § 1692e.

76. The least sophisticated consumer would likely be deceived by Defendant's conduct.

77. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

78. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

79. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

80. Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New York within one year of the date of this Complaint.

81. Defendant violated § 1692e by using false, deceptive and misleading representations in its attempt to collect a debt. *Datiz v. Int'l Recovery Assocs., Inc.,* No. 15CV3549ADSAKT, 2016 WL 4148330 (E.D.N.Y. Aug. 4, 2016), *motion for relief from judgment denied,* No. 15CV3549ADSAKT, 2017 WL 59085 (E.D.N.Y. Jan. 4, 2017); *Mcginty v. Prof'l Claims Bureau, Inc.,* No. 15CV4356SJFARL, 2016 WL 6069180 (E.D.N.Y. Oct. 17, 2016).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the Joseph H. Mizrahi Law, P.C., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        By: /s/ Joseph H. Mizrahi
        Joseph H. Mizrahi, Esq.
        Joseph H. Mizrahi Law, P.C.
        337 Avenue W, Suite 2F
        Brooklyn, New York 11223
        Phone: (917) 299-6612
        Jmizrahilaw@gmail.com
        *Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

        /s/ Joseph H. Mizrahi
        Joseph H. Mizrahi, Esq.

Dated: Brooklyn, New York
       May 10, 2017